In re FAMOUS STATE FAIR MEAT PRODUCTS, INC., Debtor.

James J. O'CONNELL, Esquire, Trustee, Plaintiff,

v.

Richard J. HOBAN, Defendant.

Bankruptcy No. 79–02084K. Adv. No. 81–0380K.

United States Bankruptcy Court, E. D. Pennsylvania.

April 13, 1982.

---

James J. O'Connell, Philadelphia, Pa., for trustee/plaintiff.

Nathan Lavine, Philadelphia, Pa., for trustee.

Arthur Morrison, New York City, for defendant.

## OPINION

WILLIAM A. KING, Jr., Bankruptcy Judge.

This case reaches the Court on an action by the trustee to recover an alleged fraudulent conveyance. The trustee seeks to recover payments made by the president and controlling shareholder of the debtor to various parties. It is alleged that these payments were made while the corporation was insolvent and that the corporate debtor did not receive fair consideration. The Court will find for the trustee and enter an appropriate Order.[1]

The defendant in this case Richard J. Hoban, acquired a controlling interest in the debtor-corporation in November of 1978. Thereafter, over the next several months, he signed and issued a series of checks to several entities. The debtor's business ceased operating during the summer of 1979. An involuntary petition in bankruptcy was filed against the debtor on November 8, 1979. An interim trustee was appointed on an expedited basis to preserve property of the estate. The Order for relief, however, was not entered until January, 1980. The instant complaint was filed by the trustee on April 15, 1981. Trial commenced on June 30, 1981. The matter was then continued until July 29, 1981, at which time it was concluded.

The basis of the trustee's complaint is that, after the defendant acquired control of the debtor-corporation, he drew a number of checks on the corporate account and issued them to himself and other parties. The trustee proved that the sum of $47,-165.00 was issued to Rhianon Corporation

---

1. This Opinion constitutes the findings of fact and conclusions of law required by Rule 752 of the Rules of Bankruptcy Procedure.

and the sum of $7,525.00 was issued to Tricom Corporation. Both of these corporations were wholly owned by the debtor. Furthermore, he was the only employee of the corporations.[2] A further sum of $8,063.19 was issued to Henry T. Dudek. The trustee argues that all of these transfers were fraudulent conveyances.[3]

Section 548 of the Bankruptcy Code empowers the trustee to avoid fraudulent transfers. Furthermore, pursuant to § 544(b) of the Code, the trustee may assert applicable state law to avoid transfers. The appropriate state law in this case would be the Uniform Fraudulent Conveyances Act which has been adopted in Pennsylvania. *See*, 39 *Pa.Stat.Ann.* § 351 *et seq.* (Purdon). Both of these sections have a two-prong test which must be met. First, the transfer must be made by an insolvent debtor or must render the debtor insolvent. Second, the transfer must be for less than a fair consideration. 11 U.S.C. § 548(a)(2); 39 *Pa.Stat.Ann.* § 354.

In the instant case, the trustee introduced evidence which satisfied the first element of the test. There was testimony from the head bookkeeper concerning the debtor's financial difficulties. The Court, therefore, finds that the corporation was insolvent at the time of the transfers in question.

The second element of the test has also been met under both Federal law and the law of the Commonwealth of Pennsylvania,[4] a controlling shareholder and managing officer of a bankrupt corporation stands in a fiduciary relationship to the debtor, stockholders and creditors of the corporation.[5] The United States Supreme Court, in *Pepper v. Litton*, 308 U.S. 295, 60 S.Ct. 238, 84 L.Ed. 281 (1939), established a fundamental rule in regard to such a relationship:

> A director is a fiduciary . . . So is a dominant or controlling stockholder or group of stockholders . . . Their dealings with the corporation are subjected to rigorous scrutiny and where any of their contracts or engagements with the corporation is challenged the burden is on the director or stockholder not only to prove the good faith of the transaction but also to show its inherent fairness from the viewpoint of the corporation and those interested therein [Citations omitted] The essence of the test is whether or not under all the circumstances the transaction carries the earmarks of an arm's length bargain. If it does not, equity will set it aside. While normally that fiduciary obligation is enforceable directly by the corporation, or through a stockholder's derivative action, it is, in the event of bankruptcy of the corporation, enforceable by the trustee. For that standard of fiduciary obligation is designed for the protection of the entire community of interests in the corporation—creditors as well as stockholders.

*Id.* at 306–07, 60 S.Ct. at 245.

In the instant case, a pattern of abuse is clear. The defendant extracted a total of $62,753.19 from the corporation.

---

**2.** This evidence was proved by the trustee through the introduction of the transcript of an examination of Richard Hoban under Rule 205 of the Bankruptcy Rules. Mr. Hoban, the defendant, did not appear for examination at the trial. In addition, the Court notes that it became necessary to direct the United States Marshal to take Mr. Hoban into custody in order to compel his appearance at the Rule 205 examination.

**3.** Other checks were alleged to be fraudulent transfers. Because of the debtor's failure to appear, however, the trustee was unable to present sufficient evidence necessary to prove the cause of action.

**4.** 4. Pennsylvania law provides:

> Officers and directors shall be deemed to stand in a fiduciary relation to the corporation, and shall discharge the duties of their respective positions in good faith and with that diligence, care and skill which ordinarily prudent men would exercise under similar circumstances.

Pa.Stat.Ann. tit. 15, § 1408 (Purdon Com.Supp. 1978–79).

**5.** *See*, e.g., *Burroughs v. Fields*, 546 F.2d 215 (7th Cir. 1976); *Inland Security Company, Inc. v. Estate of Kirshner*, 382 F.Supp. 338 (D.C.W. D.Mo.1974); *Bellis v. Thal*, 373 F.Supp. 120 (D.C.E.D.Pa.1974); *Duberstein v. Werner*, 256 F.Supp. 515 (D.C.E.D.N.Y.1966).

There is no explanation for these expenditures in the records of the corporation. Most of this fund was paid directly to corporate entities where Richard J. Hoban was the sole shareholder and employee. The burden is on the defendant in this case, to show that the transactions involved were made in good faith and for fair consideration. *See, In re Complete Drywall Contracting, Inc.,* 11 B.R. 697 (Bkrtcy.E.D.Pa. 1981). The defendant has not met this burden. Counsel for the defendant failed to introduce any evidence whatsoever.

The case was left in a somewhat awkward posture at the conclusion of the trial. Plaintiff had rested. Counsel for the defendant moved to dismiss the complaint. The Court reserved decision on the motion and invited the defense to proceed with their case. No evidence was presented, however, as a result of the defendant's failure to appear. The Court, therefore, concluded the case and adjourned.

In accordance with this Opinion, the Court will enter judgment in favor of the trustee.